COMMONWEALTH FUEL CO., INC., Respondent, *v.* THE POWPIT CO., INC., and Another, Appellants.

Second Department, April 24, 1925.

Bills and notes — action against maker and indorser — denial by defendants of knowledge or information sufficient to form belief as to allegations of presentment and notice of non-payment — motion by plaintiff to strike out answer and for summary judgment — plaintiff's affidavits show payments made on note by indorser after maturity and letters stating his regret at inability to pay more — affidavit of defendant indorser merely asserts non-receipt of notice of dishonor — plaintiff's affidavits show waiver of notice of dishonor under Negotiable Instruments Law, § 180 — answer of indorser stricken out — judgment for plaintiff under Rules of Civil Practice, rule 113.

In an action against the maker and indorser of a promissory note, the plaintiff is entitled to have the answer of the indorser, which denies any knowledge or information sufficient to form a belief as to the allegations of presentment and notice of non-payment, stricken out, on the ground that notice of dishonor was waived within the meaning of section 180 of the Negotiable Instruments Law, where it appears that, while the plaintiff alleged that notice of dishonor was properly served it was conceded that notice was not served on the indorser, and plaintiff's affidavits show that after the note matured, the indorser made two payments thereon and wrote two letters to the plaintiff stating that he regretted his inability to pay more on the note, and where the defendant indorser's affidavit merely asserts that he never received any notice of dishonor.

The payments made by the indorser and the letters written by him, which were not denied by him, constituted a waiver of the service of notice of dishonor, and, therefore, his answer raised no triable issue and was properly stricken out and summary judgment awarded to plaintiff under rule 113 of the Rules of Civil Practice.

APPEAL by the defendants, The Powpit Co., Inc., and another, from an order of the Supreme Court, made at the Kings Special

Term and entered in the office of the clerk of the county of Kings on the 2d day of January, 1924, granting plaintiff's motion made under rule 113 of the Rules of Civil Practice to strike out the answer of the defendants herein and for judgment upon the pleadings, and also from the judgment entered in said clerk's office on the same day pursuant to said order.

*John J. Crawford* [*Harry Rosenbaum* with him on the brief], for the appellants.

*Julius Schwartz,* for the respondent.

KAPPER, J.:

A motion was made by plaintiff, and granted, for judgment under rule 113 of the Rules of Civil Practice. The action was brought to recover an alleged balance due upon a promissory note, dated May 19, 1924, promising to pay two months after date to the order of the plaintiff, $1,893.75, at the State Bank, Williamsburgh Branch, Brooklyn, N. Y. It was signed as follows: " The Powpit Co., Inc., Louis Besdine, Secretary."

The suit is against said corporation as maker and Besdine individually as indorser. The complaint alleges that prior to the maturity and delivery of the note by the said Powpit Co., " the defendant Louis Besdine duly indorsed said note to the plaintiff herein; " and that at maturity the note was duly presented for payment at said State Bank, but payment thereof was refused. The complaint next alleges that the note was thereupon duly protested for non-payment thereof and due notice given to both defendants. It is further alleged that $550 has been paid on account of said note, and judgment is sought for the balance.

The answer avers that the defendants " have no knowledge or information sufficient to form a belief " as to the allegations of presentment and notice of non-payment.

Plaintiff in support of its motion shows by affidavit that " the plaintiff sold and delivered coal to the defendants Powpit Co., Inc., and Louis Besdine on the dates and in the amounts hereinafter set forth " (followed by the various deliveries of coal and the price thereof), amounting in all to the sum for which the note was given. The note maturing July 19, 1924, the affidavits further show that " on August 9, 1924, the defendants paid $250 on account and on September 5, 1924, paid an additional $300.00 on account, making total payments of $550, and leaving a balance justly due and owing from defendants to plaintiff of $1,343.75." It is shown by the certificate of the notary public that the note was duly presented to the bank for payment, and that payment was refused. It is further stated in said notary's certificate that notice of protest

was given to the indorser Besdine, but it is conceded that notice of protest was not actually given to him.

The affidavits show a letter sent by the plaintiff to Besdine, dated July 28, 1924, in which it was stated that unless payment " of your note " was made by Monday, August fourth, the matter would be placed in the hands of plaintiff's attorneys. To this letter Besdine, under date of July 29, 1924, replied, saying: " I regret very much to put you to any inconvenience. I will do all I can to try and adjust the matter to your satisfaction, the first part of August." Later, under date of August 9, 1924, Besdine, signing himself as secretary of his corporation codefendant, inclosed a check for $250 to the plaintiff's order, saying that it was " on account," and adding, " I am sorry that I cannot make the check for a larger sum." Again, on September 5, 1924, Besdine, signing for himself and without reference to his company, sent another check to the plaintiff " on account," adding to the letter, " I am very sorry that I cannot make it more just now." This check was for $300.

The only affidavit in opposition to the motion is one made by Besdine in which he asserts that he never received any notice of protest or of dishonor of the promissory note.

On this appeal counsel for the appellants asks that the judgment be reversed " with leave to the plaintiff to sever the action and enter judgment against the maker alone." The sole question raised is on behalf of the indorser Besdine, to the effect that, as the allegations of the complaint alleging notice of protest to him are denied in the *answer* and plaintiff admitting that there had been an omission to serve the notice of protest on him, such denial raised an issue for trial and could not be stricken out on motion and judgment granted summarily.

Section 180 of the Negotiable Instruments Law provides as follows: " Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

Prior to this statute the rule was announced by the Court of Appeals (*Ross* v. *Hurd*, 71 N. Y. 14, 18): " If an indorser, with full knowledge of the laches of the holder in neglecting to protest a note or bill, unequivocally assents to continue his liability, or to be responsible, as though due protest had been made, he is held to have waived the right to object, and will stand in the same position as if he had been regularly charged by presentment, demand and notice."

The statute being declaratory of the well-settled rule, the cases decided since its enactment follow the same principle. Thus, as

was said in *Porter* v. *Thom* (30 App. Div. 363, 365): "It is well-settled law that when an indorser is apprised of the laches of the holder in failing to give the notice required by law, or, with knowledge of the facts, such indorser promises to pay the debt, he will be held liable upon such promise."

In *Linthicum* v. *Caswell* (19 App. Div. 541; affd., 160 N. Y. 702) it was held that a party to negotiable paper, secondarily liable thereon, who, with full knowledge of the situation, makes a payment thereon and promises to pay the balance, "by such payment and promise there was a waiver of any defect in the presentment or notice."

In *Hongkong & Shanghai B. Corp.* v. *Lazard-Godchaux Co.* (207 App. Div. 174) summary judgment was ordered in an action to recover a balance on two sight drafts, and it was held that a defect in the notice of non-payment was waived by a resolution adopted by the defendant corporation admitting liability on the drafts.

In *Mercer* v. *Hydrocarbon Converter Co.* (205 App. Div. 78) a waiver of notice of protest to an indorser of a corporation note was held to be made out upon the ground that the indorser was the president of the corporation and that prior to the time the note became due he sent a renewal note to the payee, with a check to cover the interest then due.

Many other cases might be cited, but it is unnecessary to refer to them here. They are fully collated in Crawford's Negotiable Instruments Law (4th ed.), on page 184 *et seq.*

With the settled law confronting the appellant indorser, with the sworn proof of his acknowledgment of an admitted liability for the debt, and his personal payments on account, what is there left to try? The contention is made that notwithstanding all this his answer denying so much of the complaint as alleged the giving of notice of dishonor could not be stricken out as sham. The contention is without merit. The rule now is, that an answer containing defenses or denials may be stricken out as sham or frivolous when the motion papers on a motion for summary judgment make it appear that the answer falls within either category. (*General Investment Co.* v. *Interborough Rapid Transit Co.*, 235 N. Y. 133.) In the cited case the Court of Appeals (p. 139) say: "A defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend. In order that a plaintiff shall succeed on such a motion it must appear from the moving papers and answering affidavits that the defense or denial interposed is sham

or frivolous.   If a defendant adduces facts upon the hearing of the application which constitute an apparent defense, he should be allowed to defend.   \* \* \*   The rule in question [Rule 113] is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a *bona fide* issue exists between the parties to the action.   A determination by the court that such issue is presented requires ·the denial of an application for summary judgment and trial of the issue by jury at the election of either party.   On the other hand, if the pleadings and affidavits of plaintiff disclose that no defense exists to the cause of action, and a defendant, as in the instant case, fails to controvert such evidence and establish by affidavit or proof that it has a real defense and should be permitted to defend, the court may determine that no issue triable by jury exists between the parties and grant a summary judgment."

The views so expressed by the Court of Appeals have again been emphasized by that court in *O'Meara Co.* v. *National Park Bank* (239 N. Y. 386, 395), where it is said: " It is unnecessary to consider the denials contained in the answer, since in the answering affidavits defendant raised no issue as to any of the facts alleged in the complaint and in the plaintiff's affidavits upon which the motion was based.   Defendant's affidavits used in opposition to the motion merely repeat the various denials contained in the answer.   These denials were insufficient to raise an issue on a motion for summary judgment, since, under the rule, *facts* must be presented rather than mere general or specific denials in order to defeat a motion."

So, in the case at bar, the denial in the answer raised no issue on this motion, in the absence of an affidavit containing facts showing that there is a " real defense."   The mere fact that the plaintiff alleged due notice of protest did not preclude it from showing that the giving of such notice was  waived.   As was said in *Smith* v. *Poillon* (87 N. Y. 590, 594): " It matters not that the plaintiff alleged due presentment and demand in his complaint; that did not preclude him from proof upon the trial that presentment and demand had been waived or rendered useless and unnecessary."   Applying the rule just stated, we have a situation where the appellant indorser, by failing to reply to the moving affidavits, must be held to have waived notice of protest or the necessity of giving such notice.   If that does not leave him defenseless to this claim, then nothing does.   " It is not the object of this rule to deprive any one who has a *right* to a jury trial of an issue of fact, but to require a defendant, when it is claimed that in fact he has no honest defense and no *bona fide* issue, to show that he has at

least an arguable defense, that he has not merely taken advantage of a technicality in the form of pleading for the purpose of delaying the enforcement of · an honest claim to which in fact he has no colorable defense. The court does not try the issues but ascertains whether in fact there is an issue." (*Hanna* v. *Mitchell*, 202 App. Div. 504, 517.)

The order granting the motion for summary judgment, and the judgment entered thereon, should be affirmed, with costs.

KELLY, P. J., MANNING and KELBY, JJ., concur; JAYCOX, J., concurs in the result.

Order and judgment unanimously affirmed, with costs.