JOSEPH HILBRING, Plaintiff, *v.* HARRY RICH MOONEY and Another, Defendants.

City Court of New York, Bronx County, June 22, 1927.

**Judgments — summary judgment — action to recover for labor and materials — answer raises issue — summary judgment under Rules of Civil Practice, rule 113, denied — partial judgment under rule 114, on ground of unaccepted tender, denied.**

The plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice is denied in this action to recover for labor and materials furnished in painting and decorating a house since the answer raises an issue as to the performance of the contract although it may not be technically sufficient.

Since the tender by the defendants of the amount they claimed to be still owing was not accepted by the plaintiff, the latter is not entitled to a partial judgment under rule 114 of the Rules of Civil Practice.

MOTION by plaintiff for summary judgment under Rules of Civil Practice, rule 113, or in the alternative for partial judgment under rule 114.

*Meyer Levy,* for the motion.

*Liebman, Blumenthal & Levy,* opposed.

DONNELLY, J. Plaintiff moves for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, or in the alternative for partial judgment pursuant to rule 114 of said rules. The plaintiff alleges, *inter alia,* that between certain dates specified, and at the special instance and request of the defendants, plaintiff performed certain work, labor and services and furnished materials in connection therewith, consisting of painting and decorating, of the agreed price and reasonable value of $1,710, and that no part of said sum has been paid, except the sum of $506.90, leaving a balance unpaid of $1,203.10. The answer admits that plaintiff performed certain work, labor and services and furnished certain materials in connection therewith; that the sum of $506.90 has been paid to the plaintiff, and the " defendants hereby tender to the plaintiff the sum of $323.10, plus interest from May 4, 1926, and costs to date, in full payment of the balance due to the plaintiff for the alleged work involved in this suit, and hereby deposit the same into court, pursuant to law."

The plaintiff's contention that he is entitled to summary judgment for the full amount claimed cannot be sustained. While the answer may or may not be defective for its failure to specify each material allegation the defendants controvert, as required by section 261 of the Civil Practice Act, there are sufficient allegations in the answering affidavits to satisfy me that there are issues of fact which can only be determined by a jury, arising on the alleged agreements, respectively, to decorate the restaurant for $930, and to paint and decorate the dance hall for $780, and arising also on the conflicting claims between the parties as to whether there was one agreement for $930, or two, for $1,710. " Technical defects in the pleading of an adversary are not available to a plaintiff upon an application under this rule for the entry of summary judgment. The application is defeated if the defendant ' shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend.' (Rule 113.) " (*Curry* v. *Mackenzie,* 239 N. Y. 267, 272.)

So far as the application for partial judgment is concerned, it likewise must be denied. Under rule 113 the remedy here invoked is expressly limited to actions " to recover a debt or liquidated demand " arising on contract or on a judgment for a stated

sum. Rule 114 is limited by these provisions of rule 113. The exact amount plaintiff seeks can only be determined by a· trial of the issues. The plaintiff claims he did the work in an entirely satisfactory manner, and should be paid therefor the balance he claims is due, namely, $1,203.10. The defendants contend the painting was so poorly done that in some places it rubbed off, and that for that reason pla ntiff's services are not worth $423.10, which he claims; but at least $100 less than that amount.

Moreover the fact that a tender was made will not permit partial judgment, because the tender was not accepted, and Civil Practice Act (§ 177) provides that, where a tender is not accepted, the offer thereof shall not be admissible in evidence. If inadmissible in evidence on the trial, it is equally inadmissible for the purpose of this motion.

The motion, therefore, is in all respects denied. Order filed.