CITY TRUST COMPANY, Plaintiff, *v.* ANTHONY PICCI REALTY COMPANY and Another, Defendants.

City Court of New York, Kings County, April 11, 1930.

*Kugel & Telsey*, for the plaintiff.

*Wasserman & Erenstoft*, for the defendants.

GALLAGHER, J. This is a motion by plaintiff for summary judgment. Submitted with the papers is an affidavit in support of the motion and one by defendants in opposition. The motion is hybrid. It asks for judgment on the pleadings under rule 112 of the Rules of Civil Practice, which precludes consideration of affidavits; in the alternative that the answer be stricken out and for summary judgment under rule 113; and in the further alternative for partial

judgment under rule 114, both of which latter rules permit consideration of affidavits. The complaint sets forth two causes of action. In the first plaintiff alleges that it is a holder in due course of a promissory note made by one defendant and indorsed by the other on which there is a balance due of $2,002.93, plus $2.50, the cost of protesting the note. In the second cause of action plaintiff alleges that it is a holder in due course of a promissory note for $1,000 made by one of the defendants and indorsed by the other, no part of which nor the protest cost, amounting to $2.50, has been paid. The complaint demands judgment for $2,005.43 on the first cause of action and $1,002.50 on the second, with interest and costs. It is not necessary to consider the answer or defendants' affidavit, because the complaint is bad. In motions for summary judgment the rule is the same as that which obtained when demurrers were in vogue, namely, that the record will be searched to ascertain where the first fault in pleading occurs and condemnation visited upon the first pleading found to be defective. (*Small* v. *Sullivan*, 245 N. Y. 343; *Tauber* v. *National Surety Company*, 219 App. Div. 253, 255.)

In the present case the complaint is defective because on its face it shows that this court is without jurisdiction of the action. The complaint demands judgment for $3,007.93 and interest, an amount in excess of the monetary jurisdiction of the court. (Const. art. 6, § 15; New York City Court Act [Laws of 1926, chap. 539], § 16, subd. 1; *Central Park-West 84th Street Corporation* v. *Cusack*, 130 Misc. 770; *Weis* v. *Richartz*, Id. 583.) That the question of jurisdiction was not raised by defendants on this motion nor by any one on a previous motion on the pleadings can make no difference. It is familiar law that jurisdiction of the subject-matter of the action cannot be conferred by acquiescence or even by consent of the parties and court, and that the question can be effectively raised even after judgment. It is also immaterial that defendants made no motion for judgment. Rule 112 of the Rules of Civil Practice authorizes the court to give judgment to the party entitled thereto " without regard to which party makes the motion." That the answer herein may be insufficient in law is also unimportant. "A bad answer is good enough for a bad complaint." (*Baxter* v. *McDonnell*, 154 N. Y. 432, 436.) Cases like *Dobrikin* v. *Union Railway Co.* (130 Misc. 796) and *Spetler* v. *Jogel Realty Company* (224 App. Div. 612, 614), where the jurisdiction of the City Court was upheld, although the aggregate amount demanded in the complaints exceeded $3,000 and interest, have not been overlooked. In those cases there was a plurality of plaintiffs and demands for

judgment. Here there is but one plaintiff and one demand for judgment, and it is not necessary to go to the length of holding, as was done in those cases, that enactments seemingly not *in pari materia* must be read together; that into section 16 of the New York City Court Act must be read section 209 of the Civil Practice Act, which permits joinder of plaintiffs in the same complaint where there exists a common question of law or fact. Nor is it here necessary to give to the word " complaint," as it is used in said section 16 and in the Constitution, a meaning contrary to that which generations of lawyers in this State have ascribed to the word. In the case involving the monetary jurisdiction of the Municipal Court, the Appellate Division in this department refused to so construe the law or change the definition of the word " complaint." (*Dilworth* v. *Yellow Taxi Corporation*, 220 App. Div. 772, revg. 127 Misc. 543.)

The complaint is dismissed. Order signed.