**SCHENLEY DISTRIBUTORS, Inc., v. WISCONSIN WINE & SPIRIT IMPORT CORPORATION.**

No. 63.

District Court, E. D. Wisconsin.

Aug. 18, 1939.

Hayes & Hayes, of Milwaukee, Wis., for plaintiff.

Padway, Goldberg & Tarrell, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This matter comes before the court on motion of the plaintiff for a summary judgment.

The defendant, a Wisconsin corporation, purchased from the plaintiff, a foreign corporation, certain goods, wares, and merchandise at the agreed price of $6,761. The defendant admits that the goods were purchased at the price and on the dates set forth in said complaint, and that no part of said sum has been paid except $48.79. It appears from the deposition of C. B. Yonts, president of the defendant corporation, that the customary invoices for said merchandise were received, in which payment was demanded according to their terms, and that each of said invoices contained the following provision: "It is expressly agreed that no goods shall be returned, nor allowances made, nor ·claims survive, for any ·goods after ten (10) days from delivery. Seller shall not be responsible for loss caused by breakage, leakage, pilferage or theft, or any other cause, after a clean receipt or bill of lading has been issued by any common carrier or any other transportation company. It is agreed that no other representations, warranties, or conditions are binding upon the seller except as embodied herein and that seller shall not be liable under any separate or collateral agreement unless the same is in writing and accepted by the General Sales Manager of the seller at his home office in New York City." It is admitted that there were no written agreements modifying or changing the terms of the invoices hereinbefore set forth. The defendant's answer sets forth four defenses.

The first defense is that the plaintiff is not licensed to do business in the State of Wisconsin under the provisions of Chapter 226 of the Wisconsin statutes, and that as a result thereof, the contract is void. It clearly appears that this contract was one in interstate commerce. The goods were shipped, at the consignee's risk and responsibility, f. o. b. from points outside of Wisconsin; the title passed to the consignee upon delivery to the carrier. Therefore this defense has no merit. United States Gypsum Company v. Gleason, 135 Wis. 539, 116 N.W. 238, 17 L.R.A.,N.S., 906; Union Trust Company of Maryland v. Rodeman, 220 Wis. 453, 264 N.W. 508.

The counter claim which is presented as the fourth defense alleges that in December, 1933, the plaintiff granted a franchise to the defendant to sell, distribute and dispose of goods, wares, and merchandise manufactured or distributed by the plaintiff. The counter claim further alleges that the franchise to the defendant to sell this merchandise, was withdrawn because of the demand by plaintiff that the defendant violate certain federal laws, to-wit: 27 U.S.C.A. § 205. These statutes were passed in the years 1935 and 1936, and it appears from the deposition of Mr. Yonts that the so-called franchise had been terminated or permitted to lapse in 1933. The counter claim is without merit.

The second defense, after admitting the purchase and delivery of the goods at the price set forth in the complaint, alleges that an agreement was made between the plaintiff and the defendant to accept, in lieu of the payment of the purchase ·price of said goods, the return of all Schenley merchandise sold to the defendant at the price at which such merchandise was sold, and that this agreement covered not only the goods which were the subject of the present suit, but also all other Schenley goods which the defendant·had previously purchased and paid for. This defense sets forth that the defendant had in its possession $2,290.15 worth of merchandise which it was ready, willing and able to return to the plaintiff. While this defense

does not allege it made any tender of the return of this merchandise, yet it is alleged in the third defense, which is in the nature of a set off, that a tender of the return of the goods was made. In its second defense, the defendant demands that it be credited with the purchase price of said merchandise on hand, amounting to $2,290.15.

In the third defense, which is in the nature of a set off, defendant alleges that at the time the plaintiff notified defendant that it would no longer sell its merchandise to the defendant, the plaintiff agreed and contracted with it to accept a return of all Schenley merchandise which the defendant had on hand at that time, and that the defendant was ready and willing to return, and tendered to the plaintiff such goods, wares, and merchandise as were then on hand; and that the defendant was required to sell such merchandise at prices ranging from five to fifteen percent less than the cost thereof, thereby causing defendant to suffer a loss in the sum of $2900. The defendant sets forth in the affidavit of its President that this promise and agreement of the plaintiff was in accord and consistent with its previous adopted policy (which policy was known to the defendant), that is, to accept a return of all Schenley merchandise from distributors who formerly purchased Schenley merchandise at such time as the plaintiff corporation determined not to continue the sale of any Schenley products to such distributors, and that such agreement was for the purpose of protecting the plaintiff from the dumping on the market of whatever Schenley merchandise such distributors had in stock at such time.

If the alleged agreement covered only the goods and merchandise which are described in the complaint, no defense would be presented, except possibly on the question of ratification. But defendant claims that the agreement relied upon refers to other merchandise previously purchased and paid for, as well as some of the goods described in the complaint.

A motion for a summary judgment must be denied where a genuine and substantial issue of fact is presented by the pleadings. Sullivan v. State, 213 Wis. 185, 191, 251 N.W. 251, 91 A.L.R. 877; see also Curry v. Mackenzie, 239 N.Y. 267, 146 N.E. 375; Gravenhorst v. Zimmerman, 236 N.Y. 22, 139 N.E. 766, 27 A.L.R. 1465. In Hanna v. Mitchell, 202 App.Div. 504, 196 N.Y.S. 43, 54, the court said: "It is not the object of this rule to deprive any one who has a right to a jury trial of an issue of fact, but to require a defendant, when it is claimed that in fact he has no honest defense and no bona fide issue, to show that he has at least an arguable defense."

It may be that there is not a sufficient consideration to support the alleged promise and agreement, but it cannot be said that the defendant has not at least an arguable defense. The affidavit on behalf of the defendant presents the claim that even though the contract was not in writing, it was ratified by action of the plaintiff. Under these circumstances, it would appear that the defendant is entitled to a trial on these issues and that the motion for summary judgment must be denied.

An order may be entered accordingly.