ELSIE DANZIG, Plaintiff, *v.* BEN DIAMOND et al., Defendants.

Supreme Court, Special Term, Kings County, March 18, 1943.

*Lewis G. Gaines* for defendants.

*Leon Jay Elterman* for plaintiff.

NORTON, J. The action is brought against individual defendants as indorsers of a promissory note made by a corporation. The complaint alleges the making and delivery of the note in question, its indorsement, its presentation on the due date to the individual defendants, and a demand upon and refusal by the corporate maker. The complaint further alleges that subsequent to the due date the individual defendants herein made part payments on account of said note to plaintiff. Plaintiff is the holder thereof, and there is an unpaid balance due of $4,500 for which she seeks recovery.

The claim of insufficiency of the complaint is based upon the lack of any allegation therein of due notice of dishonor to the indorsers. On this motion, the court is confined to an examination of the pleading only.

Notice of dishonor to the indorsers, as well as notice of presentation, is essential to continue their liability. (*Goldstein* v. *Brastone Corp.*, 254 App. Div. 288.) Nevertheless " notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied.'' (Negotiable Instruments Law, § 180.)

Paragraph " Fourth " of the complaint alleges that the defendants, subsequent to the due date of the note, made part payments thereon, which may constitute an implied waiver obviating the necessity of alleging due notice of dishonor. (Negotiable Instruments Law, § 180; *Brown* v. *Mechanics & Traders' Bank,* 16 App. Div. 207; *Linthicum* v. *Caswell,* 19 App.

Div. 541, affd. 160 N. Y. 702; *Commonwealth Fuel Co., Inc.,* v. *Powpit Co., Inc.,* 212 App. Div. 553.)

In my opinion, therefore, the complaint alleges facts sufficient to constitute a cause of action, and the motion to dismiss will be denied.