OPINION OF THE COURT
Ira B. Harkavy, J.
The whole is greater than its parts!
This case is one of the growing line of cases which highlights the necessity for a unified court system in New York State.
This motion was brought on by defendant for an order dismissing the action against the defendant, District Council 37 Health & Security Plan Trust, for lack of subject matter jurisdiction, or in the alternative, transferring the action to the Supreme Court. The relief herein requested, while possible under a unified court system, cannot be accomplished through the mechanism of bringing on a motion to transfer in the Civil Court of the City of New York.
The instant matter was advanced from June 11, 1985 by virtue of defendant-movant District Council 37 Health & Security Plan Trust providing a brief pursuant to order of the undersigned dated April 30, 1985.
The present action arose out of the interpretation of the terms of a trusteed employee benefit plan entered into as the result of *697 collective bargaining between the City of New York and District Council 37, AFSCME (AFL-CIO). The terms, obligations and benefits of the plan are embodied in an 18-page document entitled “Amended and Restated Agreement and Declaration of Trust District Council 37 Health & Security Plan Trust.”
Pursuant to subdivision 1.2 of article 1 of the Health & Security Plan Trust, an uncompensated board of trustees is empowered to receive employer contributions in accordance with various collective bargaining agreements. The board of trustees through its agents then utilizes these sums to provide numerous welfare benefits to “covered members”, who are or formerly were employees represented by subscribing collective bargaining units.
Subdivision 1.2 of article 1 of the Health & Security Plan Trust specifically provides that the collected contributions are to be used for providing “life, sick, accident and other benefits which may be permitted under Section 501 (c) (9) of the Internal Revenue Code of 1954”. More specifically, the rules of the plan for covered active employees provides in part A, §§ IIA through VIIIA inclusive, that such active employees are entitled to death, accidental death and dismemberment, weekly disability income, dental, optical, drug, and catastrophic medical benefits.
In the fall of 1984 the plaintiff herein, Henry L. Mallardi, made a claim for reimbursement under the dental portion of the Health & Security Plan Trust. That claim was denied.
Subsequently, the plaintiff brought an action for $1,000 in the Civil Court of the City of New York, Small Claims Part, County of Kings, alleging “breach of dental contract — no reimbursement.” Relief sought was the $1,000 together with interest from September 1984.
In response to the complaint, the defendant brought on the instant motion. On April 30, 1985, the undersigned adjourned the motion with instructions to the defendant to submit a brief on the issue of whether the Civil Court has authority to transfer this case from the Small Claims Part to the Supreme Court. The necessity for the defendant’s brief were the issues raised by the moving papers with regard to subject matter jurisdiction. The questions presented involve whether the plaintiff is or is not a beneficiary of the Health & Security Plan Trust and if the plaintiff is in fact a beneficiary then a construction of the rules of the Health & Security Plan Trust, together with a determination as to whether the plaintiff has complied with the rules of the trust.
*698 In order to reach the above questions raised by the defendant, this court would have to sit as a court in equity. Such action cannot be undertaken inasmuch as the Civil Court of the City of New York lacks equity jurisdiction in suits of this nature.
Over a decade ago, the Supreme Court, Appellate Division, Second Department, in Matter of Heilman v Ploss (46 AD2d 658, 660 [1974]), a case involving interpretation of benefits under a pension fund, noted that: “It is obvious that the Civil Court of the City of New York has no equitable jurisdiction, except as specifically provided by statute, and therefore, has no jurisdiction of the subject matter of an action against the trustees of a pension fund to recover pension benefits, which requires, in the first instance, a declaration by them that the plaintiff is a beneficiary of the trust.” In accord was the Supreme Court, Appellate Term, First Department, in Kaminsky v Connolly (73 Misc 2d 789 [1972]; Sommers v Horsford, NYLJ, Feb. 13,1976, p 10, col 3).
This uncontroverted status of the law requires this court to reach the ultimate issue of whether the Civil Court of the City of New York has authority and a mechanism to properly transfer a small claims matter in equity to the New York State Supreme Court for disposition.
The defendant herein, District Council 37 Health & Security Plan Trust, avers that authority for a Civil Court ordered transfer can be found in NY Constitution, article VI, § 19 (f). The relevant portion, with bracketed material inserted, of article VI, § 19 (f) provides: “The courts for the City of New York established pursuant to section fifteen [Civil Court of the City of New York] of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction.”
Two seminal cases interpreting this constitutional provision have emerged from the Appellate Term of the Supreme Court, First Department: Wolffs v District Council 37 Health Sec. Plan (filed Oct. 16, 1980) and Walker v District Council 37 Health & Sec. Plan Trust (filed June 19,1984). Both of these Per Curiam decisions reversed judgments against the defendant in the instant case and in its appellate discretion ordered the matters transferred to the Supreme Court to decide the equity issues set forth above.
*699 The defendant herein has persisted in attempting to have the Civil Court sidestep CPLR 325 (b) in favor of requesting a short-form order directing the small claims clerk to forward the files to the Clerk of the Supreme Court for appropriate disposition. This position ignores the administrative reality that there does not exist a mechanism for the orderly transfer of New York City Civil Court cases in equity to the State-wide Supreme Court system.
The Civil Court of the City of New York exists as a court of limited jurisdiction separately administered from the Statewide Supreme Court system. As such, transfer of cases between the systems is governed by strict procedures set forth in CPLR 325. The Clerk of the Civil Court cannot transfer a case to the Supreme Court or force the Supreme Court to accept a case commenced in Civil Court.
This case is yet another example of the need for a unified court system. While the Supreme Court has authority under CPLR 325 (b) to transfer this matter, the Civil Court as a component of a separate court system may not.
The mistaken effort made by defendant’s counsel in bringing on this motion in the improper forum was ill advised. Had this motion been properly brought in the Supreme Court pursuant to CPLR 325 (b) it would most probably have resulted in obtaining the relief herein requested.
The defendant is hereby directed to make an appropriate motion for transfer of this case pursuant to CPLR 325 (b) in the Supreme Court, Kings County. If upon the expiration of 60 days after receipt by defendant of this order a motion pursuant to CPLR 325 (b) has not been made in Supreme Court, Kings County, this case will be deemed a proper action for Civil Court and the case will continue as an action for moneys due and owing. The case is adjourned to August 15, 1985, pending defendant’s motion.