OPINION OF THE COURT
Alan L. Lebowitz, J.
The instant motion brought by defendants, Dick Gidron *422 Cadillac and Tony Perez, for an order, pursuant to CPLR 3211 (a) (2) dismissing plaintiffs action on the ground that the court lacks jurisdiction over the subject matter.
The within action was commenced by plaintiff against the defendants for $100,000 compensatory damages and for punitive damages in the sum of $250,000.
Plaintiff alleges this action was brought in the Civil Court for the purposes of avoiding jurisdictional "ping pong”. Plaintiff contends that each defendant is severally and jointly liable to plaintiff and further the complaint alleges sufficient allegations in the sum of $25,000 against each defendant, thus, conferring jurisdiction on this court. In addition, plaintiff further alleges that even if this action were to be commenced in the Supreme Court, it would ultimately find its way to the Civil Court pursuant to CPLR 325 (d).
The Civil Court of the City of New York is a court of limited jurisdiction (NY Const, art VI, § 15), which jurisdiction is limited to money actions not to exceed $25,000.
CCA 202 provides as follows: "The court shall have jurisdiction of actions and proceedings for the recovery of money * * * where the amount sought to be recovered * * * does not exceed $25,000.”
The law is well settled that when a complaint in a court of limited jurisdiction demands judgment for a sum of money in excess of the court’s monetary jurisdiction, the court lacks jurisdiction of the action. (Schaffer Stores Co. v Grand Union Co., 84 AD2d 614 [3d Dept 1981]; Orlowitz v Mont, 132 NYS2d 444 [Mun Ct, NY County, 9th Dist 1954]; City Trust Co. v Picci Realty Co., 137 Misc 128 [City Ct, Kings County 1930].)
Plaintiff’s contention that this case, if started in the Supreme Court, would ultimately find its way back to the Civil Court pursuant to CPLR 325 (d) is an excellent argument for the need for a Unified Court System. If there were court merger and therefore a one tier trial court, proceedings such as this would be nonexistent.
However, our present system being what it is, it now becomes necessary to decide whether there should be an outright dismissal of this action or whether this court may transfer the case to the Supreme Court.
Concededly, the only statutory authority for transfer of a case from the Civil Court to the Supreme Court is contained in CPLR 325 (a) and (b) which provides that such transfer must be made on motion in the Supreme Court.
*423 NY Const, article VI, § 19 (f) further grants to the Civil Court the right to transfer cases to the Supreme Court: "The courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court * * * any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction.”
It is apparent that this constitutional authority is self-executing and requires no enabling legislation to implement its provisions. (Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept 1972]; Kemper v Transamerica Ins. Co., 61 Misc 2d 7 [Civ Ct, NY County 1969].) The court is aware of the decision in Mallardi v District Council 37 Health & Sec. Plan Trust (128 Misc 2d 696 [Civ Ct, Kings County 1985]), which supports the applicability of article VI, § 19 (f), but refuses relief on the ground that there is no mechanism for the transfer. I disagree to the extent that given constitutional authority for transfer, this court should decline to exercise it nor should the litigants and the Supreme Court be further burdened with unnecessary motion practice. This court feels certain that given an order supported by constitutional authority, the administrative procedure will be available to facilitate the transfer.
Accordingly, the motion to dismiss the complaint is denied and the matter is transferred to the Supreme Court, Kings County, and the clerk of this court shall be directed to transfer the file to the clerk of the Supreme Court. Any fees required in the Supreme Court shall be paid by the plaintiff.