■ RICHARD CORVETTI et al., Appellants, v J & S MILLS, INC., et al., Respondents. [607 NYS2d 389] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 13, 1991, which denied their motion for summary judgment on the complaint and dismissing all counterclaims.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment on their first, second, third, and sixth causes of action and substituting therefor a provision granting those branches of their motion, and (2) deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' counterclaims and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The defendant John Kim entered into a contract to purchase the plaintiffs' contract knitting mill and personally guaranteed notes setting forth a schedule of monthly payments pursuant to the contract. The notes contained acceleration clauses in the event of default, and the contract evidenced the intent of the parties to sign a security agreement with certain listed equipment as security on the notes. The contract also obligated either party to pay the other's reasonable attorney fees in the event of default.

The defendants' primary defense is found in two counter-claims alleging that the plaintiffs violated a restrictive covenant in the contract prohibiting solicitation of the mill's customers. The defendants have submitted in support of this claim evidence that at the time of execution of the contract, one of the plaintiffs owned 50% of a holding company that owned one of the mill's customers, and the other plaintiff became employed by the customer as Vice President of Manufacturing. However, the defendants have since conceded that the plaintiffs were entitled to hold these positions. There is no evidence in the record that either plaintiff solicited the mill's business other than the defendants' non-specific and conclusory allegations. Since such allegations are insufficient to defeat a motion for summary judgment (see, Bank of N. Y. v Progressive Phone Sys., 71 AD2d 1010), the counterclaims are dismissed.

Since the defendants have submitted no other defenses or evidence contravening the plaintiffs' proof, summary judgment is awarded on the first, second, third and sixth causes of action. Since we find that triable issues of fact exist with respect to the fourth, fifth and seventh causes of action, the matter is remitted to the Supreme Court, Nassau County, for further proceedings thereon. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.