*99 OPINION OF THE COURT
Per Curiam.
Order dated October 17, 1996 reversed, with $10 costs, and defendant’s motion is granted to the extent of remanding the matter to the Civil Court for entry of an order transferring the action to Supreme Court, New York County.
Plaintiff originally commenced a nonpayment summary proceeding in July 1995 against defendant labor organization. Defendant surrendered possession shortly thereafter, and an order was entered in April 1996 (Dankberg, J.) converting the proceeding to a plenary action. Plaintiff then served a complaint under a new index number which, in its present incarnation, sets forth causes of action for rent in the sum of $77,887.24 for the period April through July 1995 and in the sum of $311,154.17 for the period August 1995 through October 1996.* Defendant’s motion to dismiss for lack of statutory jurisdiction to hear the action or, in the alternative, to transfer the action to Supreme Court for plenary consideration, was denied by Civil Court.
It is of course true that a judgment for rent may be rendered in a summary proceeding “without regard to amount” (CCA 204), and jurisdiction is not divested merely because of the removal of the respondent subsequent to the commencement of the proceeding (Four Forty-One Holding Corp. v Bloom, 148 Misc 565). However, in this case, with the service of new pleadings for the recovery of money damages only (substantially in excess of what was originally sought in the nonpayment petition), it cannot be realistically argued that the matter retained its character as a summary proceeding. All that is before the court, in form as well as substance, is an action at law for past due rent which cannot be pursued in the plenary part of Civil Court to the extent the amount sought exceeds that court’s jurisdictional limit of $25,000 (CCA 202; S.S.I.G. Realty v Bologna Holding Corp., 213 AD2d 617, 619). Under such circumstances, the proper course was to transfer the action to Supreme Court pursuant to article VI, section 19 (f) of the NY State Constitution (Hillman v CNA Ins. Cos., 132 Misc 2d 421).

 Plaintiff also sought to interpose an additional cause of action for future rent ($1,189,407.30) which would have accrued through the lease termination date in November 2001, but this relief was denied below.