OPINION OF THE COURT
Bruce M. Balter, J.
This opinion discusses plaintiffs motion for summary judgment and defendant’s cross motion to dismiss the plaintiffs complaint. Plaintiff Uwe E.G. Lehmann (hereinafter referred to as Husband) brings this action against defendant Karen Ferlito Lehmann (hereinafter referred to as Wife) for breach of a separation agreement and alleges $25,000 in damages.
On June 2, 1997, the parties executed an agreement which settled their rights under equitable distribution. (See, Domestic Relations Law § 236 [B].) The parties agreed to each place $12,500 into an investment account for their five-year-old child’s college education. The agreement stated that “[n]o withdrawals shall be made from said account except for post-high school educational expenses * * * or for other catastrophic or extraordinary medical expense.”
It is undisputed that the Husband contributed his share to the account while the Wife did not. The Wife also admits that she withdrew the Husband’s entire contribution to pay for their child’s tuition at the Poly Prep Lower School (hereinafter referred to as Poly Prep). From the evidence presented, the parties obviously disagree as to whether their daughter should attend private school.
Breach of Contract
To state a claim for breach of contract a party must establish (1) the existence of an agreement; (2) due performance of the contract by the party alleging the breach; (3) a breach; and (4) damages resulting from the breach. (Donnelley Corp. v *24 Mark I Mktg. Corp., 925 F Supp 203, 206 [SD NY 1996].) There is no dispute as to the existence of the agreement or that the Husband performed under its terms. However, the Wife claims that she did not breach the agreement because, with regard to her contribution, the agreement does not state when the money should be deposited into the account, and it was in the best interest of the child to use the Husband’s contribution to send her child to Poly Prep since the child would get “lost” in the public school system.
First, with regard to the timing of the Wife’s contribution, as a general rule contracts that do not place a time limit on performance imply a duty to perform within a reasonable time. (See, D'Abreau v Smith, 240 AD2d 616 [2d Dept 1997].) As acknowledged by both parties, the purpose of this clause was to provide for their child’s college education. It is evident that the parties intended to deposit the money as soon as possible with the hope that the funds would increase in value over time. Moreover, article 1, paragraphs 5 and 6 of the separation agreement, when read together, demonstrate that money intended for the account should have been taken from the proceeds of the sale of the marital residence.* * The Wife’s arguments to the contrary are conclusory and unsupported by the record. (Corvetti v J & S Mills, 201 AD2d 448 [2d Dept 1994].) Accordingly, the Wife clearly breached the agreement by failing to deposit the funds into the account two years after the agreement was finalized.
Second, with regard to the best interests of the child, a husband and wife may include support and custody terms in a separation agreement. Such terms, like any other contract clause, are binding on the parties. However, a child is not bound by the terms of an agreement between parents as to support and custody, and courts can modify these terms in the best interest of the child. (See, Family Ct Act § 461 [a]; Matter *25 of Boden v Boden, 42 NY2d 210 [1977]; Sassian v Sassian, 126 AD2d 984 [4th Dept 1987].) Nevertheless, the provision at issue here does not concern the child’s present support or custody. Placing money into an account for a five-year-old child’s college education obviously does not concern the current welfare of that child. When the terms of an agreement are clear and unambiguous, the intent of the parties must be found therein. (Nichols v Nichols, 306 NY 490, 496 [1954], rearg denied 307 NY 677.) There is no precedent to support the defendant’s contention that her breach should be forgiven because the child needs to attend private school now. The proper venue for modifying the Husband’s current support obligation, including his contribution to the child’s current education, is the Family Court, which issued the order of support that is currently in effect.
Accordingly, there is no question of law to be resolved. By not contributing her portion of the funds to the PaineWebber account and by withdrawing her Husband’s contribution to send their child to a private elementary school, the Wife breached the separation agreement.
Plaintiffs Request for Damages and the Civil Court’s Jurisdiction
The Husband requests $25,000 in damages. His attorney suggests that the judgment can provide that the money will be deposited in accordance with the separation agreement. The Wife argues that the Husband is not entitled to any damages, and, if a judgment is entered, it should be in the child’s name.
The árgument that the Husband is not entitled to damages is made in support of the Wife’s cross motion to dismiss the complaint for failure to state a cause of action. While the Husband’s complaint states a legitimate cause of action, it is apparent that the Wife’s cross claim is actually requesting this action be dismissed because this court does not have the subject matter jurisdiction to grant the relief requested. (CPLR 3211 [a] [2].)
The Civil Court of the City of New York (hereinafter referred to as Civil Court) is a court of limited jurisdiction. It has subject matter jurisdiction over causes of action to recover damages not exceeding $25,000. (See, NY Const, art VI, § 15; CCA 202.) Parties to a separation agreement may enforce such agreements in the Civil Court. (See, Milman v Milman, 131 AD2d 826, 827 [2d Dept 1987]; Braunstein v Braunstein, 72 AD2d 682 [1st Dept 1979]; Nopper v Nopper, 50 NY2d 1009 [1980].) *26 However, except as provided by CCA 203, the Civil Court does not have the power to grant equitable relief. (McCarthy v Rocklin, 25 Misc 2d 991 [Sup Ct, NY County 1960].)
While the court could grant a money judgment, such a remedy is improper here. Damages for breach of contract must not be speculative or contingent on other factors, and they must be reasonably certain. (36 NY Jur 2d, Damages, § 13; Najjar Indus. v City of New York, 87 AD2d 329 [1st Dept 1982], affd 68 NY2d 943 [1986].) Damages also cannot be remote or the result of an intervening cause. (Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986].)
An award to the Husband in the amount of $25,000 would overcompensate him because it is double his original contribution. At first glance, $12,500 appears to be the correct figure. However, since the Husband does not directly benefit from the agreement, simply returning his contribution would be an oversimplification of the issue at hand. Money judgments can compensate for past wrongs with ascertainable liquidated damages. However, they cannot cure continuing obligations arising from marital disputes.
The principal aim of the agreement is to provide a college fund that will appreciate in value over time. The agreement only indirectly benefits the Husband by offsetting any obligation a court may impose on him to pay for his child’s college education. A court imposing such an obligation must consider many factors, including whether the child will benefit from the education, and whether the parents have a financial ability to pay for it. (Frankel v Frankel, 82 AD2d 796 [2d Dept 1981].) Of course these factors cannot be seriously considered in this case, where the child is seven years old, just entering the first grade, and will not even be contemplating college for another 10 years.
To calculate damages here the court would have to speculate as to whether the seven-year-old child will attend college, whether the parents will have the ability to pay for college in the future, and whether the Husband’s obligation to pay for the education will be greater than the accrued account value. Moreover, the court would also have to overlook the explicit contingency in the agreement that turns over to the child whatever money is not spent by her 21st birthday. Under this last scenario the Husband would not be damaged at all.
Finally, a money judgment at this time could also prove detrimental to the child. If nothing else, this agreement guaranteed that some money would be available for the child’s college education. If a money judgment is awarded to resolve *27 this dispute, there would be no such guarantee. Res judicata would foreclose future consideration of this issue. (See, Oldham v McRoberts, 21 AD2d 231 [4th Dept 1964].)
Accordingly, it is evident that since any damage award would be speculative, as well as contingent upon the child entering college, and since such an award would contravene the purpose of the agreement, no remedy at law exists to resolve this issue.
The best solution to this dispute may be the equitable remedy of specific performance. This is a discretionary remedy which is an alternative to the award of damages as a means of enforcing a contract. (Hadcock Motors v Metzger, 92 AD2d 1 [4th Dept 1983].) It is available in a court’s discretion when a remedy at law is inadequate. (Pecorella v Greater Buffalo Press, 107 AD2d 1064 [4th Dept 1985].) Unfortunately the Civil Court lacks the jurisdiction to consider this redress. (Carlyle Record Warehouses Corp. v Scherlo, 94 Misc 2d 226 [Civ Ct, NY County 1978].)
In this case, the Husband does not seriously argue that he has an adequate remedy at law. Instead his application for summary judgment suggests that the judgment direct the monies be deposited in accordance with the separation agreement. In other words, he is requesting specific performance.
The New York court system, outlined in article VI of the New York Constitution, is a complex tapestry of courts with overlapping jurisdictions. A divorce action, along with its ancillary issues of equitable distribution and support, is a war that can be waged in the Supreme Court, Family Court, Criminal Court and Civil Court. This action, although legitimate on its face, is an attempt to utilize the courts to complicate the parties’ marital dispute. The parties of this type of action must not use the technicalities of jurisdiction to manipulate the constitutional and legislative design of the present court system. (See, Stefanucci v Stefanucci, 125 Misc 2d 98, 102-103.) If these types of actions are not consolidated in a court that can grant the appropriate remedy, the courts become»an accomplice to the parties’ efforts to needlessly bankrupt each other.
Conclusion
The Civil Court of the City of New York exists separate and apart from the State-wide court system. (Mallardi v District Council 37 Health & Sec. Plan Trust, 128 Misc 2d 696 [Civ Ct, Kings County 1985].) However, the State Constitution does authorize the Civil Court to transfer actions over which it has no *28 jurisdiction. (See, B & R Textiles Corp. v Empire Bias Binding Co., 126 Misc 2d 965, 966 [Civ Ct, NY County 1985]; NY Const, art VI, § 19 [f].) While the CPLR does not authorize such a transfer, section 19 (f) is a self-executing grant of constitutional power which does not depend on any legislative action for its implementation. (Kemper v Transamerica Ins. Co., 61 Misc 2d 7, 9 [Civ Ct, NY County 1969].)
The Wife argues that this action should be heard by the Family Court, not the Civil Court. The Family Court is also a court of limited jurisdiction. (Kleila v Kleila, 50 NY2d 277, 282 [1980].) Actions instituted to enforce a separation agreement, as opposed to those actions seeking support within the meaning of the jurisdictional statutes or constitutional provisions pertaining to the Family Court, do not fall within the court’s limited jurisdiction. (See, NY Const, art VI, §§ 13, 19; Family Ct Act §§ 411, 466; Handa v Handa, 103 AD2d 794 [2d Dept 1984].)
On the other hand, the Supreme Court is a court of universal jurisdiction and has the power to grant specific performance when appropriate. Accordingly, pursuant to CPLR 2201, this action is stayed for 90 days from the date of entry of this order while the clerk of this court transfers this action to the Supreme Court, Kings County.

 The pertinent paragraphs of the separation agreement read as follows: article 1, paragraph 5 states that “[t]he parties acknowledge that the sum of * * * $59,489.05 * * * from the proceeds of the sale of the former marital residence is being held in an escrow account * * * The parties agree that each shall contribute the sum of * * * $12,500.00 * * * to the existing account of their unemancipated child * * * held at PaineWebber, Inc. No withdrawals shall be made from said account except for post-high school education expenses for [the child] or for other catastrophic or extraordinary medical expense * * * Upon reaching the age of 21, any balance remaining in said account shall be turned over to [the child].”
Article 1, paragraph 6 states that “[t]he balance of the funds in the escrow account, to wit * * * $34,489.05 shall be divided equally between the parties.”