GRINDE, Respondent, vs. CHIPMAN, Appellant.

*October 20—November 15, 1921.*

*Brokers: Contract of employment: Construction: Extent of authority: Performance.*

1. The words "to sell" and "to sell or find a buyer" in a real-estate brokerage contract are synonymous terms.
2. A broker who is employed to procure a purchaser for real estate performs his contract and is entitled to his compensation when he produces a person ready, willing, and able to purchase upon the terms specified by the owner in the brokerage contract.
3. The authority conferred upon a broker by an agreement which employs him "to sell" does not authorize him either to execute a conveyance of the premises or to enter into an agreement to convey. *Brown v. Griswold*, 109 Wis. 275, distinguished.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover brokerage commission for the sale of

real estate. Plaintiff was employed by the defendant to sell his farm, consisting of 320 acres, which included the homestead upon which he lived. The plaintiff secured a purchaser for the farm with whom he entered into a contract of sale. The purchaser was ready, able, and willing to comply with the terms of the said contract of sale on his part. Defendant's wife refused to sign the agreement of sale and refused to sign a deed pursuant thereto, consequently the sale was not consummated. This action was brought by plaintiff to recover his commission under the brokerage contract with defendant, and from a judgment in favor of plaintiff the defendant appeals.

*H. E. Andrews* of Portage, for the appellant.

*Robert N. Nelson* of Madison, for the respondent.

OWEN, J. The only difference between this case and *Mackenzie v. Staudenmayer, ante,* p. 373, 185 N. W. 286, is that in this case the broker was employed "to sell" the farm, while in that case the employment was "to sell or find a buyer." This case is therefore ruled by the decision in the *Mackenzie Case* in all respects unless the dissimilarity of the language in the brokerage contracts above noted compels a different result.

It is well settled that a broker who is employed to procure a purchaser for real estate performs his contract and is entitled to his commission when he produces a person ready, willing, and able to purchase upon the terms specified by the owner in the brokerage contract. It is conceded, however, that the rule is different where the employment of the broker is "to sell." It is said that *Pederson v. Johnson,* 169 Wis. 320, 172 N. W. 723, so holds. The question there was whether the broker was entitled as against the owner, his principal, to $1,000 earnest money paid by a prospective buyer upon an option agreement given to such prospective buyer by the agent in the name of his principal which was not carried out by the prospective buyer. In the opinion it

is said that "the defendant never sold the premises and never became entitled to any commission." The question whether he would have been entitled to a commission had he produced a buyer ready, willing, and able to take the land upon the terms specified by the owner was not considered for the reason that his prospective purchaser did not perform the contract of purchase and no sale of the premises was ever consummated. By the great weight of authority the words "to sell" or "to procure a purchaser" are synonymous terms when used in a real-estate brokerage contract or listing agreement. *Carstens v. McReavy,* 1 Wash. 359, 25 Pac. 471; *York v. Nash,* 42 Oreg. 321, 71 Pac. 59; *Armstrong v. Lowe,* 76 Cal. 616, 18 Pac. 758; *Lindley v. Keim,* 54 N. J. Eq. 418, 34 Atl. 1073; *Morris v. Ruddy,* 20 N. J. Eq. 236; *Stengel v. Sergeant,* 74 N. J. Eq. 20, 68 Atl. 1106; *Jones v. Howard,* 234 Ill. 404, 84 N. E. 1041; *Lichty v. Daggett,* 23 S. Dak. 380, 121 N. W. 862; *Keim v. Lindley* (N. J.) 30 Atl. 1063. The authority conferred upon a broker by such an agreement which employs him "to sell" does not authorize him either to execute a conveyance of the premises or to enter into an agreement to convey. The bare authority "to sell" is not regarded as sufficiently specific to authorize the execution either of a conveyance or of a contract to convey, and it is generally held that under such an employment the owner reserves the right to close the deal and to arrange the details of the contract. See authorities above cited. The reason given by the courts for such construction is that the owner may not care to deal with the prospective purchaser at all. He may consider him undesirable as a neighbor and pecuniarily unable to comply with the contract. He may decline to bind himself to convey to such purchaser at the end of the time necessary to examine the title because he might thereby in the meantime lose an opportunity to sell to some other person in whose good faith and ability to pay he reposed entire confidence. Then, too, the delivery of possession is to be settled; generally, the title is to be examined,

and the conveyance, with the covenants, to be agreed upon and executed by the owner. All these are matters which the owner has a right to consider in determining whether he will deal with the prospective purchaser, and he will not be held to have surrendered such right by a mere naked authority conferred upon such agent "to sell" the real estate. If it be intended to confer upon the broker power to bind the owner by an agreement to convey, it should be accomplished by definite and specific language and should not be inferred from the mere authority to sell.

It thus appears that an agent or broker employed to sell land not only fully performs his contract but exhausts his authority when he produces a purchaser ready, willing, and able to buy upon the terms specified by the owner, or with whom the owner is able to make a deal when he has not specified definite terms in the listing contract, as where a trade or exchange of lands is in contemplation, and, as a consequence, when he has done this he is entitled to his commission. It follows that the plaintiff, though employed to sell the land, fully performed his contract and is entitled to recover the amount of the stipulated commission.

It may be thought that the case of *Brown v. Griswold,* 109 Wis. 275, 284, 85 N. W. 363, is in conflict with this rule. That case merely held that an agent could be authorized by parol to make a written contract for the sale of lands. The troublesome question in the case was one of fact, whether such authority had in fact been conferred upon the agent. It was not held in that case that the mere employment of a broker to sell real estate conferred upon him authority to bind his principal by a written contract of sale, but the holding was that under the terms of the employment in that case the agent was authorized to bind the principal by a contract of sale.

*By the Court.*—Judgment affirmed.