KLANN, Appellant, vs. ICKE and wife, Respondents.

*January 11—February 8, 1927.*

*Real-estate brokers: Contract of employment: Listing agreement, or authority to sell.*

A contract between the owner of real estate and a real-estate broker reciting the employment of the broker to sell the property and that the broker agreed to use his best efforts to effect a sale, and that, on a sale being made at the price and upon the terms specified, the owner would pay the broker the amount received above such sale price, is a mere listing contract, and not one authorizing the broker to enter into an agreement binding the owner to convey.

APPEAL from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Affirmed.*

Action for specific performance to convey certain real estate. The defendants entered into a contract with Arras and Zautcke, two real-estate brokers, which so far as material to this appeal reads as follows:

"Witnesseth: The said party of the first part has employed and hereby does employ the said party of the second part to sell the property of the said party of the first part, described and known as follows, to wit: [Here follows description of property and terms of sale.] The party of the second part agrees to use his best endeavors to effect a sale of the premises described, and, on sale being made at the price and upon the terms specified, the latter will pay the party of the second part the amount received above such sale price for his services, and furnish abstract of title to the

premises and convey the same to the purchaser by warranty deed. Party of the second part shall have exclusive right of selling for a period of six months from date hereof. If sale is made after the expiration of said period, party of the second part shall have no compensation, unless sale is made to a purchaser procured by him prior to such expiration."

The real-estate brokers entered into a written contract with plaintiff for the sale of the real estate of the defendants, but they refused to deal with him, so he brought an action for specific performance. The trial court dismissed the action on the ground that the contract between defendants and the real-estate brokers did not authorize the latter to bind defendants to convey, and the plaintiff appealed.

For the appellant there were briefs by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

For the respondents there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter M. Huiras.*

VINJE, C. J. The question presented by the appeal is whether the contract set out in the statement of facts was a mere broker's listing contract or one authorizing the agents to enter into an agreement to convey that would bind the defendants. This question was decided in the case of *Grinde v. Chipman,* 175 Wis. 376, 185 N. W. 288. In that case the agreement in question as to the contractual parts was identical with the one in this case except that it read, "and on sale being made at the above or other price satisfactory to the party of the first part," instead of "and on sale being made at the price and upon the terms specified," as this contract reads. This slight difference in phraseology cannot substantially affect the question of its construction. If anything, the contract in that case gave more latitude to the brokers than does the present contract, because it suggested there might be a modification as to price. It was held to be

a listing contract merely—one to find a buyer, and not one authorizing the agent to bind the owners to convey. The precise question was there squarely at issue, for if the contract was one authorizing the agent to actually make a sale of the property it was not complied with by plaintiff. On the other hand, if it was merely a contract to find a buyer it was complied with. The court held plaintiff was entitled to recover because he had produced a buyer able and willing to buy, and was therefore entitled to his compensation. That case discusses the question so fully that it would be mere repetition to restate the grounds upon which it rests. We think it would be a surprise to both owners of real estate and brokers to learn that contracts such as the one set out constituted more than authority to secure a buyer and earn the stipulated commission. Written authority to an agent to convey real estate is usually attended with greater formality.

*By the Court.*—Judgment affirmed.