FREDRICKSON, Respondent, vs. KABAT and others, Appellants.

*November 8—December 4, 1951.*

For the appellants there were briefs by *Johns, Roraff, Coleman & Pappas* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale.*

BROWN, J. This is an action for damages for personal injuries. The complaint alleges that the plaintiff was chairman of a dance given by the American Legion Post in La Crosse on New Year's Eve, 1949. He found it necessary to eject the defendant Kabat and while he did so the other defendants, who had attended the dance in a group with Kabat, conspired to and did avenge Kabat's removal by an assault on the plaintiff, with the result that plaintiff's left arm was torn from its socket and broken in two places and permanently crippled, and he sustained other injuries. The complaint does not allege the specific acts, or part in the conspiracy, of individual defendants but merely says that one or more of the conspirators attacked the plaintiff from the rear. The defendants answered separately. Each answer denies that the answering defendant engaged in any agreement or conspiracy to avenge anything or to assault the plaintiff and denies that the answering defendant did in fact assault or injure the plaintiff. After the pleadings were served the defendants severally moved for summary judgments, supporting the motions by affidavits of each defendant which denied participation by such defendant in any conspiracy and in any attack upon the plaintiff. With variations as to what the several affiants saw or did, their affidavits agree that the

plaintiff took Kabat to the door of the hall and told him to go out and stay out; that the other defendants followed Fredrickson and Kabat to the door and that for some unexplained reason Fredrickson commenced to fall backward and the defendant Ray Kotnour attempted to catch him and did succeed in getting hold of him but was unable to prevent the fall, after which Ray Kotnour and Kabat attempted to assist Fredrickson to his feet; that while they were doing so Fredrickson's son, Rich, attempted to strike Ray Kotnour and was forcibly restrained by Joe Kotnour, whereupon Rich's wife took Joe by the throat and Mrs. Joe Kotnour seized Mrs. Rich Fredrickson, while defendant Opitz took off his coat and gave it to his wife to hold. Defendants' affidavits also include extracts from the adverse examinations of the plaintiff and defendants. The examination of plaintiff shows that he cannot state any specific defendant assaulted him, only that he was attacked from the rear by a group composed of the several defendants. The testimony of the defendants upon adverse examination is to the effect that none of them knows how Fredrickson got hurt. One or two saw him fall from causes unknown and others saw him lying on the floor with Kabat and Ray Kotnour standing or stooping over him and having hold of him, which acts the defendants explain as efforts to help Fredrickson.

The trial court denied the motions for summary judgment and the defendants have taken separate appeals. They submit that it was error to deny the motions for summary judgment because the complaint does not state a cause of action. If this defect exists it should have been raised by demurrer and if the demurrer was sustained the plaintiff would have been given leave, on terms, to amend his complaint. It is true, as we have previously held in *Sullivan v. State* (1933), 213 Wis. 185, 251 N. W. 251, affirmed in *Fuller v. General A. F. & L. Assur. Corp.* (1937), 224 Wis. 603, 272 N. W.

839, that the motion for summary judgment searches the record. However, unlike a demurrer, it looks at more than the pleadings. The summary-judgment procedure is not intended to test the sufficiency of the pleadings, as the demurrer does, but with dismissal of the action, rather than opportunity to plead over, the penalty for a deficient complaint. It is intended to discover whether there is any substantial issue of fact which entitles the plaintiff to a determination thereof by a jury or the court and if the pleadings, affidavits, and other supporting documents reveal that there is such issue, the motion for summary judgment must be denied. *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 19 N. W. (2d) 276. Summary judgment should be granted only when it is perfectly plain that there is no substantial issue to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Batson v. Nichols* (1951), 258 Wis. 356, 46 N. W. (2d) 192.

In *Sullivan v. State, supra,* cited by defendants, the whole record showed that the plaintiff, who alleged a contract for her services, had been paid the contract price for her teaching services and had no contract with the state for extra compensation for her services in the cafeteria. It appeared, therefore, upon the whole record that there was no theory upon which she could recover. Summary judgment dismissing her action was granted not because her complaint did not state a cause of action but because, as we said at page 195, ". . . upon the entire record, including the affidavits, plaintiff shows no right to recover."

In the instant action the defendants answered to the merits, denying any agreement or conspiracy and also denying that each defendant individually or with others assaulted or injured the plaintiff. We think issues of fact have thus been joined and when the defendants did not demur or move to make the complaint more definite and certain but proceeded

to answer to the merits, then their motions for summary judgment bring us to the merits also. Unlike *Sullivan v. State, supra,* these pleadings and affidavits do not establish that plaintiff has no right to recover. They reveal that the defendants attended the dance as a group, that one of the group, Kabat, was ejected from the hall by Fredrickson and that immediately the other members of the group followed them to the door; that at the door Fredrickson sustained serious bodily injuries and that at least two of the defendants had their hands on him while others restrained his son. Whether the laying on of hands was assistance or assault is in controversy and also whether the actions of the various defendants were by agreement in furtherance of a common illegal undertaking. We think a search of the pleadings and affidavits establishes the existence of substantial issues of fact upon which the plaintiff is entitled to a trial and we conclude that the learned trial court properly denied defendants' motions for summary judgment.

*By the Court.*—Order affirmed.