Sachse, Respondent, vs. Mayer, Appellant.

*September 10—October 8, 1957.*

For the appellant there were briefs and oral argument by *Fred R. Wright* and *Francis J. Demet,* both of Milwaukee.

For the respondent there was a brief by *Gerold & Huiras* of Port Washington, and *Ralph E. Houseman* of Grafton, and oral argument by *Mr. Ralph J. Huiras* and *Mr. Houseman.*

BROWN, J.   Summary judgment is to be granted only when it is perfectly plain that there is no substantial issue of fact to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Fredrickson v. Kabat* (1951), 260 Wis. 201, 50 N. W. (2d) 381; *Parish*

*v. Awschu Properties* (1945), 247 Wis. 166, 19 N. W. (2d) 276.

If, then, it appears from the pleadings and affidavits in support of and in opposition to the motion that there is a substantial issue of material fact, defendant's motion was properly denied.

We think, first, that it is a question for court or jury whether defendant's order to plaintiff to clean out the woods might reasonably be interpreted by an employee of the age, experience, and intelligence of plaintiff to embrace the operation which plaintiff was attempting to perform. If this be answered in the affirmative, whereby it is determined that plaintiff was injured in the course of his employment, questions of defendant's performance of the duties of an employer at common law and under sec. 101.06, Stats. (safe-place statute), and the respective causal negligences of plaintiff and defendant, if any, with their comparison may well arise.

Other fact issues may be involved as the trial proceeds. For the present it is sufficient for sustaining the trial court that there is an issue of whether, as plaintiff asserts, he was injured while obeying an order of his employer or, as defendant contends, plaintiff's injury resulted from attempting on his own initiative to do work outside the scope of his instructions and authority.

*By the Court.*—Order affirmed.