Broadfoot, J.
 

 The grounds advanced by the city in support of its motion for summary judgment were insufficient and the trial court was correct in refusing to grant summary judgment thereon.
 

 The city did not adopt the correct procedure. The complaint is based upon allegations of negligence. It does not plead violation of sec. 81.15, Stats., referring to defective
 
 *57
 
 streets and sidewalks, nor does it allege a nuisance. As framed, the complaint would be subject to demurrer or to a motion to make the complaint more definite and certain. However, the summary-judgment procedure is not calculated to supplant a demurrer.
 
 Hermann v. Lake Mills,
 
 275 Wis. 537, 82 N. W. (2d) 167;
 
 Blooming Grove v. Madison,
 
 275 Wis. 328, 81 N. W. (2d) 713;
 
 Ausen v. Moriarty,
 
 268 Wis. 167, 67 N. W. (2d) 358;
 
 Batson v. Nichols,
 
 258 Wis. 356, 46 N. W. (2d) 192. One practical reason therefor is stated in the
 
 Hermann Case
 
 as follows (p. 543) :
 

 “As was pointed out in
 
 Frederickson v. Kabat
 
 (1951), 260 Wis. 201, 203, 50 N. W. (2d) 381, a motion for summary judgment is not a substitute for a demurrer and may not be used for such purpose. This is because where a demurrer is sustained the plaintiff, except in exceptional situations not necessary to be considered here, is given an opportunity to plead over, which right is denied when a summary judgment dismissing the complaint on the merits is entered.”
 

 The plaintiff contends that the complaint is sufficient to allege a cause of action under the provisions of sec. 81.15, Stats., of which both the trial court and this court may take judicial notice, or that it sufficiently alleges a cause of action based on nuisance. Because the trial court granted the summary judgment on grounds other than those advanced by the city, the plaintiff states that it had no opportunity to present affidavits or argue the questions of nuisance or statutory liability.
 

 The record presented to the trial court is insufficient to support his reason for granting the summary judgment. The record does establish that the compressor was located on the sidewalk and that plaintiff was using the sidewalk adjacent to it. However, it does not follow as a matter of law that the relationship of governor and governed existed between
 
 *58
 
 the plaintiff and the city at the time of his alleged injuries. Apparently the work being done under the contract was not on the sidewalk but on the adjacent city hall. A more-complete record will be required before the question can be answered as a matter of law. Therefore, the trial court was in error in granting the city’s motion for summary judgment.
 

 Upon remand of the record the plaintiff shall be given an opportunity to amend his complaint and the defendants will have the usual time thereafter to file appropriate pleadings.
 

 By the Court.
 
 — The order and judgment appealed from are reversed. Cause remanded for further proceedings consistent with this opinion.
 

 Hallows, J., took no part.