WALTER KASSUBA, INC., Appellant, v. BAUCH, Respondent.*

*February 29—May 7, 1968.*

* Motion for rehearing denied, with costs, on June 28, 1968.

650

For the appellant there were briefs by *Charles L. Goldberg* and *Francis X. Krembs,* both of Milwaukee, and oral argument by *Mr. Krembs.*

For the respondent there was a brief by *Howard Haberla,* and oral argument by *Edwin A. Star,* both of Milwaukee.

HANLEY, J.   Each party contends that as a matter of law the contract must be construed in its favor.

At the outset we note that defendant's affidavit contains recitations of the pleadings and ultimate facts. This does not meet the requirement that affidavits in support of a motion for summary judgment shall state evidentiary facts. Sec. 270.635, Stats. *See Weber v. Hurley* (1961), 13 Wis. 2d 560, 109 N. W. 2d 65, and *McChain v. Fond du Lac* (1959), 7 Wis. 2d 286, 96 N. W. 2d 607. Consequently, this court cannot affirm the judg-

ment of the trial court unless the listing contract can be construed as a matter of law to provide that the commission is payable only at some point beyond the production of a buyer ready, willing, and able to purchase.

Plaintiff contends that the listing contract, containing as it does the language "in the event that the property . . . is Sold," must be held to provide that the commission is earned when the broker produces a buyer ready, willing, and able to purchase. Plaintiff cites the following authorities: *Libowitz v. Lake Nursing Home, Inc.* (1967), 35 Wis. 2d 74, 150 N. W. 2d 439, 151 N. W. 2d 680; *Wauwatosa Realty Co. v. Paar* (1956), 274 Wis. 7, 79 N. W. 2d 125; *Nordale Realty Co. v. Hanel* (1947), 251 Wis. 136, 28 N. W. 2d 245; *Grinde v. Chipman* (1921), 175 Wis. 376, 185 N. W. 288. Plaintiff further contends that since defendant entered into a valid and enforceable contract to purchase, the matter of the customer's ability, readiness, and willingness is no longer open to question under the authority of the *Wauwatosa Realty Co. Case, supra.*

The authorities cited by the plaintiff undoubtedly hold that when a broker contracts "to sell" a piece of real estate, he is obligated merely to procure a purchaser ready, willing, and able to buy on the terms specified by the seller. Plaintiff is also correct in asserting that acceptance of the purchaser by the seller is conclusive on the issue of readiness, willingness, and ability.

Defendant attempts to avoid these rules by contending that "Sold" is equivalent to "consummation of sale," by which she presumably means the closing. We are not persuaded that as a matter of law "Sold" means anything different from "sell" or "sale" in the cases cited by the plaintiff. But from the plaintiff's affidavit in support of its motion for summary judgment, it does appear that the standard form real estate listing contract was not used, although had it been used the result contended for by the plaintiff would undoubtedly be reached. *See Wauwatosa Realty Co. v. Paar, supra.*

Further, there is an allegation in the answer to the effect that the defendant and Sol Weinberg, an agent of the plaintiff, had a conversation in which the defendant was informed that she "would not be liable for any commission whatever until the property was actually purchased by another party and after the closing was held . . . ." Under these circumstances, we think the contract is ambiguous as to when the plaintiff is entitled to a commission. Thus, the construction of the listing contract presents an issue of fact which cannot be decided on summary judgment. Accordingly, there must be a trial at which the intent of the parties in entering into the contract must be determined. We consider that evidence of the surrounding circumstances will be admissible at the trial to show such intent. In *Georgiades v. Glickman* (1956), 272 Wis. 257, 265, 75 N. W. 2d 573, the court stated as follows:

"Among the surrounding circumstances that are admissible for the purpose of interpreting the language of a contract are the '*acts and statements of the parties antecedent to and contemporaneous with the making of the contract.*' 3 Corbin, Contracts, p. 72, sec. 543."

There is a further issue of fact which it may become necessary to resolve on the trial because it remains unresolved by the affidavits, namely, whether the return of the earnest money to the Lakeneer Group by the broker estops the plaintiff from collecting its commission.[1] Defendant's answer alleged the following with respect to the return of the earnest money:

"2. In answer to paragraph 4 of plaintiff's Complaint, admits there was a written offer by Lakeneer Group, a partnership, which said offer was accompanied by a Two Thousand ($2,000.00) Dollar earnest money deposit held in escrow by the plaintiff, and that thereafter, the said Lakeneer Group withdrew its offer and the said plain-

[1] If it is found that under the language of the contract the commission is not owing, this issue need not be reached.

tiff, on information and belief, returned the Two Thousand ($2,000.00) Dollar earnest money deposit to the Lakeneer Group, and said premises were never sold to the said Lakeneer Group."

Neither party touched on this issue in its affidavit, and plaintiff contends that estoppel has no part in this lawsuit because (1) it is not well pleaded and (2) the showing of a defense on summary judgment must be by affidavit and not by verified answer, relying on *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261.

With respect to (1), the plaintiff cannot successfully raise that issue on motion for summary judgment, for summary judgment is not calculated to supplant a demurrer. *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 377, 120 N. W. 2d 41; *Kielpinski v. Tomaro Contractors* (1960), 11 Wis. 2d 53, 57, 103 N. W. 2d 919.

With respect to (2), defendant is not obligated to support the allegation in her answer by affidavit (assuming for the moment that her position is purely defensive), unless the plaintiff establishes a prima facie case for summary judgment through its affidavits or other proof. A prima facie case is established only when evidentiary facts are stated which if they remain uncontradicted by the opposing party's affidavits resolve all factual issues in the moving party's favor. Since plaintiff's affidavit contains no reference to the return of the earnest money deposit, the issue of fact as to its return raised by defendant in her answer remains unresolved by the moving papers and is left for determination, if necessary, at the trial. A somewhat similar situation was present in *Leszczynski v. Surges, supra,* where adverse possession was pleaded as an affirmative defense in a quiet-title action. The plaintiff moved for summary judgment; and the defendant filed no opposing affidavits. However, since the plaintiff's affidavit contained ultimate rather than evidentiary facts on the issue of

adverse possession, the court held that she had not made out a prima facie case for summary judgment. The court stated the following at page 537:

". . . No affidavit was submitted in support of the answer and while this is a dangerous procedure by a defendant confronted with a motion by the plaintiff for summary judgment, in this case it has no disastrous effect."

Since the trial court entered judgment for the defendant on her motion for summary judgment, the judgment must be reversed and the cause remanded for trial in accordance with this opinion.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.