GRAY, Individually and by Guardian *ad litem*, Plaintiff and Respondent, v. RURAL CASUALTY INSURANCE COMPANY, Defendant and Appellant: HERITAGE MUTUAL INSURANCE COMPANY, Defendant.

*No. 345. Argued June 3, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 817.)

For the appellant there was a brief and oral argument by *Arno J. Miller* of Portgage.

For the respondent there was a brief by *Lawton & Cates, James A. Olson,* and *Richard L. Cates,* all of Madison, and oral argument by *Mr. Olson.*

HALLOWS, C. J.   The complaint alleges that Susan M. Gray was injured while she was a passenger in an automobile owned by Donald G. Lange and driven by her brother John David Gray.  It is alleged the accident took place on the evening of July 23, 1967, and John David Gray was negligent in the manner in which he drove the car causing it to leave the highway and to overturn.  The defendant Heritage Mutual Insurance Company (Heritage Mutual) is the insurer of Lange, the owner of the car, and is not involved in this appeal.  The complaint alleges on information and belief that the defendant Rural Casualty Insurance Company (Rural Casualty) "for a valuable consideration, prior to the date of the accident had issued a policy of liability insurance whose terms obliged said defendant to indemnify and insure John David Gray against any liability which he might incur as a result of the operation of a motor vehicle . . . ."

Rural Casualty in its answer denied such coverage and moved for summary judgment upon its affidavits and

the policy which provided John David Gray's father, John Gray, was the named insured and under section V that liability coverage was only extended to the named insured and his spouse while operating nonowned automobiles. The affidavits stated that Rural Casualty did not issue a policy in which John David Gray was the insured or on the automobile he was driving at the time of the accident.

In the affidavit in opposition to the motion John Gray alleges it was agreed with the agent of Rural Casualty "that when John David Gray became eighteen years old and had graduated from high school that John David Gray would become the principal driver and that the premiums would be increased to reflect" this fact and that the policy A13226 would then be for John David Gray. It was then asserted that John David Gray became eighteen years of age and graduated from high school prior to the accident and the additional premium was paid. It is further stated it was the intention of the affiant John Gray that since his son was the principal driver, the policy would be for him and all coverage accrue to him. In denying summary judgment on the ground there was a material issue of fact to be tried, the court ordered the issue of coverage to be tried separately from the issue of negligence and pointed out the issue of the reformation of the policy might very properly be tried by the court without a jury.

We think the trial court erroneously considered that the affidavits raised a material issue of fact and misread *Trible v. Tower Ins. Co.* (1969), 43 Wis. 2d 172, 168 N. W. 2d 148, to stand for the principle that the reformation of an insurance policy need not be sought in the pleadings for recovery to be granted in the policy. In *Trible,* we held that after a trial and where evidence was admitted without objection which showed the plaintiff, who sued to enforce an insurance contract, was entitled to reformation and on the reformed policy en-

titled to relief that the trial court may grant a judgment on the insurance contract modified by the court without entering a specific decree of reformation. It must be noted that in taking this short cut the evidence was in the record without objection and consequently the pleadings could be amended to conform to the proof. Sec. 269.44, Stats. Under these circumstances it would be idle to require a decree of reformation and then another suit or judgment granting relief on the reformed contract. However, *Trible* did not hold a plaintiff was entitled to some kind of relief regardless of what cause of action was pleaded in a complaint because he may have some evidence.

The function of pleadings in a lawsuit is to create the issues and provide the framework for the evidence. Evidence is either relevant or material to this framework or it is not. The complaint on its face does not raise any question of reformation of the insurance policy. It contains an allegation on information and belief that the terms of the policy obligated the defendant to indemnify and insure John David Gray against any liability which he might incur as a result of the operation of a motor vehicle. But the terms of the policy do not cover John David Gray while driving a nonowned automobile because he was not the named insured. Consequently, it would be necessary to allege and prove a mutual mistake or some other grounds for the reformation of the existing policy so that it could be conformed to an agreement between the parties for such a reformed policy. The complaint does not ask for reformation and the affidavits in support of the complaint do not seek reformation, nor do the affidavits clearly assert a promise on the part of the defendant Rural Casualty to issue a policy in which John David Gray would be the named insured or that the present policy would be so modified or modified to cover him while driving a nonowned automobile not described in the policy. Without the allegations for refor-

mation in the complaint, the matters alleged in the affidavits raise matters beyond the scope of the pleadings or any issue created by them.

Reformation is not before us and we have here only the application to the facts of the language of the policy which is plain and unambiguous. Such application can be made on a summary-judgment motion. *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 105 N. W. 2d 807. As contended by Rural Casualty, the policy does not afford coverage to John David Gray on the facts and Rural Casualty is entitled to be let out of the lawsuit.

On motion for summary judgment, plaintiff cannot amend the pleadings, but unless the time to commence the action is barred by a statute of limitation, this creates no hardship because a new action may be commenced for reformation of the policy if the facts so justify. *See: Fredrickson v. Kabat* (1951), 260 Wis. 201, 50 N. W. 2d 381; *Kielpinski v. Tomaro Contractors* (1960), 11 Wis. 2d 53, 103 N. W. 2d 919; Conway, *Wisconsin and Federal Civil Procedure,* pp. 26–54, sec. 26.57.

The court being in error on the grounds for denying summary judgment, the case does not fall under the discretionary rule of denial and the order must be reversed with directions to grant the motion and dismiss the complaint. *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626; *Cadden v. Milwaukee County* (1969), 44 Wis. 2d 341, 171 N. W. 2d 360; *Kemp v. Wisconsin Electric Power Co.* (1969), 44 Wis. 2d 571, 172 N. W. 2d 161.

*By the Court.*—Order reversed, with directions to grant the motion and dismiss the complaint as to the defendant Rural Casualty Insurance Company.