Gerald J. WELZIEN, Plaintiff-Appellant,

v.

Martin P. KAPEC, Defendant,

Arthur B. SHERREN and Luella M. Sherren, his wife,
Defendants-Respondents.

Court of Appeals

No. 79–1442. Submitted on briefs August 12, 1980.—
Decided September 2, 1980.
(Also reported in 298 N.W.2d 98.)

For the appellant the cause was submitted on the brief of *Ralph W. Koopman* of Eagle River.

For the respondents the cause was submitted on the brief of *John L. O'Brien* and *Drager, O'Brien, Anderson, Stroh & Burgy* of Eagle River.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.   Gerald Welzien claimed title to certain lands in Vilas County by twenty-years adverse possession.[1] Arthur Sherren and his wife opposed Welzien's

---

[1] Sections 841.01 and 893.10, Stats.

claim, asserting that he could not prove that he and his predecessors had been in possession for twenty years. After denying Welzien's motion to amend his complaint to include a cause of action for reformation of a deed, the trial court granted the Sherrens' motion for summary judgment. Because Welzien may amend his pleadings once within six months of the summons and complaint being filed, as a matter of right, we vacate the summary judgment and remand for further proceedings.

Welzien filed his summons and complaint on March 29, 1979. On July 19, 1979, at the hearing on the Sherrens' motion for summary judgment, Welzien orally moved to amend his complaint.[2] Welzien's motion was denied by the trial court, which apparently relied upon language in *Gray v. Rural Casualty Insurance Company*[3] stating, "[o]n motion for summary judgment, plaintiff cannot amend the pleadings, but unless the time to commence the action is barred by a statute of limitation, this creates no hardship because a new action may be commenced for reformation of the policy if the facts so justify." The procedural statutes and facts of this case differ from *Gray*.

Since *Gray* was decided, Wisconsin has adopted new rules of pleading and practice.[4] These new rules are to be liberally construed to secure a just, speedy, and inexpensive determination of every action.[5] Technical pleadings have been done away with and the rules provide for notice pleadings.[6] While the old rules provided

[2] Welzien's motion to amend, although not necessary, was made during the hearing on the Sherrens' motion for summary judgment. A motion should be in writing. Welzien acknowledged that he knew before the hearing that his complaint did not state the cause of action he wished to plead. *See* §802.01(2), Stats.

[3] 47 Wis.2d 663, 667, 177 N.W.2d 817, 819 (1970).

[4] Wis. Sup. Ct. Order, 67 Wis.2d 614, effective January 1, 1976.

[5] Section 801.01(2), Stats.

[6] Clausen and Lowe, *The New Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1 (1976).

that a pleading could be amended once as a matter of course within twenty days after service[7] and a motion for summary judgment had to be made within forty days after issue had been joined,[8] the new rules establish more liberal procedures. A pleading may be amended once as a matter of course at any time within six months after the filing of the summons and complaint,[9] and a party may make a motion for summary judgment within eight months of the filing of the summons and complaint.[10] These time limits may be modified by a scheduling order.[11]

Welzien's motion to amend his complaint was made less than four months after the filing of the original summons and complaint. He had not previously amended his complaint and thus still had the right to amend as a matter of course. If the complaint had been amended, the Sherrens could have still filed a motion for summary judgment on the newly amended complaint. By denying the motion, the trial court requires Welzien to commence a new action involving the same parties as involved in this lawsuit. The commencement of this new action would cause the time limits for the amendment of pleadings and the making of motions to begin all over again. This would be both time-consuming and expensive, contrary to the preferred construction of Wisconsin's statutes on pleading and practice.

The *Gray* case was decided when more stringent time limits applied to amendment of pleadings and the making of motions for summary judgment. The rules for deciding a motion for summary judgment have also been

[7] Section 263.45, Stats. (1973).

[8] Section 270.635(1), Stats. (1973).

[9] Section 802.09(1), Stats., as amended by Wis. Sup. Ct. Order, 82 Wis.2d ix, effective July 1, 1978.

[10] Section 802.08(1), Stats., as amended by Wis. Sup. Ct. Order, 82 Wis.2d ix, effective July 1, 1978.

[11] Section 802.10, Stats., as amended by Wis. Sup. Ct. Order, effective July 1, 1978.

modified since *Gray*.[12] In essence, a more liberal pleading and practice procedure has been adopted, allowing controversies to be fairly tried and determined rather than avoided by technicalities.

The summary judgment that dismissed the complaint must be vacated. Welzien shall file and serve his amended complaint within twenty days of remand. The matter shall then proceed in accord with the statutory procedures, with the Sherrens having the right to bring on a motion for summary judgment as to the amended complaint within sixty days after the amended complaint is served.

*By the Court.*—Judgment vacated and cause remanded for further proceedings. No costs to either party.

---

[12] *Wright v. Hasley*, 86 Wis.2d 572, 273 N.W.2d 319 (1979); *Krezinski v. Hay*, 77 Wis.2d 569, 253 N.W.2d 522 (1977).