# COURT OF APPEALS DECISION DATED AND FILED

## November 10, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.    **2019AP638**
                    **2019AP2009**

Cir. Ct. Nos.  **2019SC1040**
                      **2018CV1781**

STATE OF WISCONSIN                    IN COURT OF APPEALS
                                                            DISTRICT II

---

NO. 2019AP638

LINCOLN MANOR REDEVELOPMENT, LLC,

    PLAINTIFF-RESPONDENT,

  V.

CARSON D. COMBS,

    DEFENDANT-APPELLANT.

---

NO. 2019AP2009

CARSON D. COMBS,

    PLAINTIFF-APPELLANT,

  V.

LINCOLN MANOR,

    DEFENDANT-RESPONDENT.

---

APPEALS from orders of the circuit court for Racine County: EUGENE A. GASIORKIEWICZ, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated matters, Carson D. Combs, pro se, appeals an order granting summary judgment in favor of his landlord, Lincoln Manor, in a civil lawsuit that Combs filed.[1] He also appeals an order denying his motion to dismiss and issuing a writ of restitution in an eviction action filed against him by Lincoln Manor. For the reasons that follow, we affirm.

## *Background*

¶2 In December 2018, Combs sued Lincoln Manor alleging, among other things, that when he signed a residential lease agreement with Lincoln Manor, Lincoln Manor knew of a bedbug infestation existing within his apartment. Combs alleged that the infestation was not disclosed to him in order to defraud him of rent payments. The circuit court subsequently granted summary judgment to Lincoln Manor on Combs' claims.

¶3 In March 2019, while the civil lawsuit remained pending, Lincoln Manor filed an eviction action against Combs because he was several months behind on rent. Combs moved to dismiss the eviction action, asserting that

---

[1] These appeals were consolidated for briefing and disposition pursuant to this court's order. To facilitate consolidation, this court additionally determined that 2019AP638 would be decided by a three-judge panel.

2

Lincoln Manor was barred from proceeding due to a separate amortization action that he had filed. Combs additionally argued that the eviction was retaliatory and that the notice provided by Lincoln Manor was improper under 24 C.F.R. § 880.607. The circuit court denied Combs' motion to dismiss the eviction action and issued a writ of restitution.

¶4    As we understand Combs' appellate briefing, he argues that the circuit court erred in granting summary judgment to Lincoln Manor in his civil lawsuit because Lincoln Manor did not properly comply with discovery requirements and because the circuit court applied the wrong methodology. As to the eviction action, Combs continues to argue that Lincoln Manor was barred from proceeding due to his amortization action and because the eviction was retaliatory.[2] He additionally contends that the circuit court was biased against him in both cases, as well as in his efforts to initiate this appeal.[3] We will present

---

[2] Regarding the eviction action, Combs also asserts that the circuit court was required to set an amount of a surety under WIS. STAT. § 799.445 (2019-20). This court previously denied Combs' motion to stay execution of the writ of restitution based in part on this claim. Afterward, Combs petitioned for a supervisory writ to this court making the same argument he now makes on appeal. We have already rejected this argument once and will not address it again.

In addition, by not first raising them in the circuit court, Combs forfeited his appellate arguments regarding alleged violations of various federal regulations and an alleged violation of WIS. STAT. § 704.17 (2019-20). *See State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 ("Arguments raised for the first time on appeal are generally deemed forfeited[.]"). He does not renew his claim related to 24 C.F.R. § 880.607 on appeal; therefore, we deem it abandoned.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] Combs also argues that the circuit court was biased against him in the amortization action; however, he did not file an appeal in that case. Therefore, we do not consider that facet of his claim further.

3

additional background information pertinent to each of the issues Combs pursues on appeal as necessary to the analysis.[4]

## *Discussion*

### (1) Summary judgment was appropriately granted.

¶5 The crux of Combs' claims in his civil lawsuit against Lincoln Manor was his allegation that Lincoln Manor fraudulently rented him a bedbug-ridden apartment.[5] Lincoln Manor subsequently moved for summary judgment arguing that Combs failed to adequately support his claims that Lincoln Manor misrepresented or omitted facts related to the safety or habitability of the apartment complex or injured him in any way. Lincoln Manor additionally argued that a bedbug addendum Combs signed before entering into the lease precluded liability.

¶6 Combs moved the circuit court to dismiss Lincoln Manor's summary judgment motion, asserting that it was untimely. The court allowed the summary judgment motion to proceed, despite Combs' argument that it was untimely, and afforded Combs additional time to respond to the motion.

---

[4] On appeal, Combs presents three overarching issues with numerous sub-issues. To the extent we have not addressed an argument raised by Combs, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

[5] In his complaint, Combs alleged the following causes of action: misrepresentation under Wis. Stat. § 895.446, which provides a civil remedy for a violation of Wis. Stat. § 943.20(1)(d) (theft-by-fraud); a violation of Wis. Admin. Code § ATCP 134.04(2)(b)4. (through Oct. 2021) relating to code violations and conditions affecting habitability; fraudulent representation, *see* Wis. Stat. § 100.18(1); and injury to his person, *see* Wis. Stat. § 893.54.

¶7 At the summary judgment hearing, the circuit court told Combs that there was nothing in the record to "indicate that when you engaged in your lease in 2017 … that Lincoln [Manor] had any knowledge of the existence of [a] bed[]bug infestation occurring or existing, one, in that building, or that was active and that, as such, they had a duty to disclose it to you." The court went on to explain that the material presented indicated that for eighteen months after Combs rented his apartment, there were no bedbugs in existence, which "corroborates the position of [Lincoln Manor] that they had no knowledge of active bed[]bugs in that situation." The court granted summary judgment to Lincoln Manor and Combs appealed.

a. Combs waived his objections to the discovery responses.

¶8 Combs now argues that summary judgment should not have been granted to Lincoln Manor because Lincoln Manor did not properly comply with its discovery requirements. He asserts that Lincoln Manor failed to provide relevant evidence regarding the existence of a bedbug infestation within the building where his apartment was located.

¶9 During the proceedings in his civil lawsuit, Combs moved to compel discovery from Lincoln Manor. At the hearing on the motion to compel, Combs told the circuit court that the parties had come to an agreement that Lincoln Manor would provide him with documentation that he sought. In response, the circuit court asked Combs "to the … extent that [Lincoln Manor] provide[s] you that information, this present motion becomes moot. Is that correct?" Combs confirmed that the court was correct.

¶10 Lincoln Manor later informed the circuit court there was no longer a discovery dispute between the parties and that a previously scheduled status conference to address discovery was unnecessary. In a letter to the court, Combs

separately asked the court to cancel the status conference because "there is no necessity for the [h]earing." With this representation, we conclude that Combs waived further objections to the discovery responses provided by Lincoln Manor. *See **Brunton v. Nuvell Credit Corp.***, 2010 WI 50, ¶38, 325 Wis. 2d 135, 785 N.W.2d 302 (noting that waiver is shown "when a party's conduct is 'so inconsistent with a purpose to stand upon one's rights as to leave no room for a reasonable inference to the contrary'") (citation omitted).

b. Lincoln Manor made a prima facie case for summary judgment.

¶11    Next, Combs argues that summary judgment should not have been granted because he met his burden of proof. He suggests that the circuit court incorrectly applied the summary judgment methodology. Combs is wrong.

¶12    We independently review a grant of summary judgment, using the same methodology as the circuit court. ***Hardy v. Hoefferle***, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. In so doing, we may benefit from the reasoning and analysis of the circuit court. *See **AccuWeb, Inc. v. Foley & Lardner***, 2008 WI 24, ¶16, 308 Wis. 2d 258, 746 N.W.2d 447. Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶13    The summary judgment methodology requires the moving party to put forth a prima facie case for summary judgment. "To make a prima facie case for summary judgment, a moving defendant must show a defense that would defeat the plaintiff." *See **Tews v. NHI, LLC***, 2010 WI 137, ¶4, 330 Wis. 2d 389, 793 N.W.2d 860. "A prima facie case is established only when evidentiary facts

are stated which[,] if they remain uncontradicted by the opposing party's affidavits[,] resolve all factual issues in the moving party's favor." *Walter Kassuba, Inc. v. Bauch*, 38 Wis. 2d 648, 655, 158 N.W.2d 387 (1968). If such a showing has been made, "the court must examine the affidavits and other proof of the opposing party to determine whether a genuine issue exists as to any material fact or whether reasonable conflicting inferences may be drawn from undisputed facts." *Tews*, 330 Wis. 2d 389, ¶4.

¶14 All of Combs' claims hinged on his allegation that Lincoln Manor failed to disclose or made fraudulent representations regarding what he believed was an ongoing bedbug infestation occurring within the apartment building where he rented an apartment. Lincoln Manor made a prima facie case for summary judgment by submitting the bedbug addendum that Combs signed, which confirmed that he had inspected the apartment and did not observe any evidence of bedbugs when he signed the lease. In both his complaint and in an affidavit, Combs acknowledged signing the bedbug addendum. Combs additionally admitted that he did not experience any issues with bedbugs until approximately eighteen months after he moved into the apartment.

¶15 Combs, however, contends that he met his burden to prove the existence of a genuine issue of material fact by presenting an invoice for bedbug removal—from a different apartment unit—dated approximately eighteen months *before* Combs rented his apartment.[6] Proof that bedbugs were located in a

---

[6] During the summary judgment hearing, there was a question as to whether the unit was in the same building as Combs' apartment. The address of Combs' apartment was 5811 16th Street (Apartment 236). The invoice Combs submitted references an address of *5801* 16th Street (Apartment 132). During the hearing, Combs told the circuit court that the address listed on the invoice was the building where Lincoln Manor's office was located, but that the unit identified was located in the same building as his apartment on a different floor.

(continued)

7

different unit eighteen months earlier and treated by a service professional at that time does not, however, create a genuine issue of material fact as to Combs' claims that Lincoln Manor knew that a bedbug infestation existed in his apartment at the time Combs entered into the lease.

¶16    We also reject Combs' argument that the circuit court committed plain error when it took judicial notice of the information about the etymology of bedbugs that Combs asked the circuit court to consider before ruling on the summary judgment motion.  In his reply brief, Combs asserts that the source of his frustration is not that the court took notice of the article but rather that the court "did not apply the knowledge contained within it, in adjudicating this case, [instead] choosing to cite what [the court] wanted from the article, to the detriment of [Combs'] case."  Combs cannot ask the circuit court to consider information only to then argue on appeal that the court erred when it considered the information in a way that did not favor him.  *See generally* ***State v. Gove***, 148 Wis. 2d 936, 944, 437 N.W.2d 218 (1989) (noting that "[i]t is contrary to fundamental principles of justice and orderly procedure to permit a party to assume a certain position in the course of litigation which may be advantageous, and then after the court maintains that position, argue on appeal that the action was error").

---

Combs averred in his own affidavit submitted in opposition to the motion for summary judgment that the invoice related to an apartment in his building, which he learned about after talking with another tenant who provided him with the invoice; however, this was insufficient. The invoice related to work performed long before Combs rented his apartment and the averment appears to have been made without the requisite personal knowledge.  *See* WIS. STAT. § 802.08(3) (Affidavits in support of, or in opposition to, a motion for summary judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence.").  For purposes of this appeal, however, even if we assume without deciding that the invoice related to an incident of bedbugs in the same building where Combs' apartment was located, Combs' claims still cannot survive summary judgment.

8

¶17     After referencing the information about bedbugs that Combs submitted, the court concluded "[t]here's not one piece of evidence here that indicates that [indications of the presence of bedbugs] existed in March of 2017," when Combs signed the lease and bedbug addendum.  Following our *de novo* review, we likewise conclude that because Combs failed to present evidence rebutting Lincoln Manor's prima facie case, summary judgment was appropriately granted.[7]

### (2) Combs' eviction was legal.

¶18     We begin with a brief overview of the sequence of events leading up to the eviction action.  On February 15, 2019, after he filed his civil lawsuit against Lincoln Manor, Combs filed a voluntary amortization of debts proceeding under WIS. STAT. ch. 128 in Racine County case No. 2019CV860.

¶19     On February 20, 2019, Lincoln Manor served Combs a five-day notice, informing him his tenancy would be terminated if he failed to pay $2,773 by February 28, 2019.  Then, on March 6, 2019, Lincoln Manor filed an eviction action against Combs because he was several months behind on rent.

¶20     Combs subsequently moved to dismiss the eviction action, asserting that Lincoln Manor was barred from proceeding based on his pending

---

[7] Insofar as Combs additionally argues that Lincoln Manor was required to rebut the evidence he submitted in his summary judgment response brief, he incorrectly applies the summary judgment methodology.  Combs argues that WIS. STAT. § 903.01 places the burden on Lincoln Manor to prove "the nonexistence of the presumed fact is more probable than its existence."  Combs is wrong.  Because Lincoln Manor made a prima facie case, Combs then had the burden to produce sufficient evidence that a genuine issue exists as to a material fact or that reasonable conflicting inferences can be drawn from the undisputed facts.  *See Tews v. NHI, LLC*, 2010 WI 137, ¶4, 330 Wis. 2d 389, 793 N.W.2d 860.

amortization action. Combs additionally argued that the eviction was retaliatory and that the notice provided by Lincoln Manor was improper under 24 C.F.R. § 880.607.

¶21 The circuit court disagreed and denied Combs' motion to dismiss, issued a writ of restitution of the premises, dismissed Lincoln Manor's damages claims without prejudice,[8] and closed the eviction case. The circuit court denied Combs' subsequent motion for reconsideration and his motion seeking a stay.

¶22 On appeal, Combs continues to argue that because he filed a voluntary amortization of debts prior to the eviction filing, Lincoln Manor was legally barred from seeking an eviction. The application of a statute to a set of facts is an issue we decide *de novo*. *See State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994).

¶23 WISCONSIN STAT. § 128.21(2) does not apply because an eviction is not an "execution, attachment[,] or garnishment" of a debt, but is instead the recovery of a possessory interest in real property.[9] *See* WIS. STAT. § 799.40

---

[8] The circuit court ordered that the damages claims could be raised in the amortization proceeding.

[9] WISCONSIN STAT. § 128.21, the statute addressing the voluntary proceedings by wage earners for the amortization of debts, provides:

(continued)

10

(providing that an eviction action "may be commenced by a person entitled to the possession of real property … to remove therefrom any person who is not entitled to either the possession or occupancy of such real property"). Consequently, Combs' argument fails.

¶24 Combs also contends that the eviction action was retaliatory and, as such, should have been barred. Pursuant to WIS. STAT. § 704.45(2), it is not retaliatory for a landlord to take possession of a premises when rent has not been paid. Given that Combs admits to withholding rent for months, we conclude that this argument is meritless. In so concluding, we reject Combs' argument that he was justified in withholding his rent payments by principles of "equity" and "fairness" after learning that a tenant in a different unit eighteen months earlier

---

(1) Any person whose principal source of income consists of wages or salary may file a verified petition with the circuit court in the county of his or her residence stating that the person is unable to meet current debts as they mature, but is able to make regular future payments on account sufficient to amortize the debts over a period of not more than 3 years, and that he or she desires the aid of the court to effectuate the amortization. The petition shall also set forth the names and addresses of any creditors who have levied any executions, attachments or garnishments, and of any garnishees, and the court shall forthwith, by order, require that proceedings for the enforcement of the executions, attachments or garnishments be stayed during the pendency of proceedings under this section. The petition shall be accompanied by the fee prescribed in [WIS. STAT. §] 814.62(2).

(2) After the filing of a petition under this section and until the dismissal of the proceedings, no execution, attachment or garnishment may be levied or enforced by any creditor seeking the collection of any claim which arose prior to the proceedings, unless such claim is not included by the debtor in the claims to be amortized.... With respect to the claims to be amortized the time between the filing of the petition and the dismissal of the proceedings shall not be counted as a part of the period of any statute of limitation.

11

purportedly had a bedbug infestation. The eviction was not an unlawful act of retaliation.

### (3) *The circuit court was not biased against Combs.*

¶25     Lastly, Combs claims the circuit court was biased against him in the eviction proceeding, the civil lawsuit, and the initiation of this appeal. "Whether a judge was objectively not impartial is a question of law that we review independently." *State v. Herrmann*, 2015 WI 84, ¶23, 364 Wis. 2d 336, 867 N.W.2d 772 (citation omitted). "There is a presumption that a judge has acted fairly, impartially, and without prejudice. The presumption is rebuttable, placing the burden on the party asserting the bias to show that bias by a preponderance of the evidence." *Id.*, ¶24 (internal citation omitted).

¶26     Combs' claims of judicial bias appear to be premised on his dissatisfaction with the adverse rulings against him and various remarks by the circuit court that Combs asserts were rude or designed to hurry him through his arguments. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). As for judicial remarks, even those made "during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," and bias is not demonstrated by "[a] judge's ordinary efforts at courtroom administration[.]" *Id*. at 555-56. Rather, the challenged remarks must "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. at 555. Such is not the case here.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.